# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL LURRY, | ) |
| Petitioner, | ) |
| | ) No. 2:24-cv-02945-TLP-tmp |
| v. | ) |
| SHELBY COUNTY CRIMINAL JUSTICE CENTER, | ) |
| Respondent. | ) |

**ORDER MODIFYING DOCKET, DISMISSING PETITION WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michael Lurry petitions here under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. (ECF No. 1.) The Court respectfully directs the Clerk to change Respondent to Warden Stanton Heidle.[1] Because Lurry has not exhausted his available state court remedies, the Court **DISMISSES** the § 2254 Petition **WITHOUT PREJUDICE**.

## THE PETITION

Petitioner alleges that he was convicted of theft of property and first-degree murder in the Shelby County Criminal Court and that the state court sentenced him on November 18, 2024.

---

[1] Petitioner is currently housed at the Northwest Correctional Complex. The proper Respondent to the habeas petition is Petitioner's custodian Stanton Heidle, the warden of that facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004); *see Northwest Correctional Complex*, Tennessee Department of Corrections, https://www.tn.gov/correction/state-prisons/state-prison-list/northwest-correctional-complex.html (last accessed Dec. 18, 2025). The Court therefore respectfully directs the Clerk to terminate all references to the Shelby County Criminal Justice Center as respondent.

(ECF No. 1 at PageID 1.)[2]  He alleges that he did not appeal or seek further review in a higher state court or the United States Supreme Court.  (*Id.* at PageID 2.)  And he alleges that he has filed no other petitions, applications, or motions concerning these criminal judgments.  (*Id.* at PageID 3–4.)

Petitioner alleges that the person that he allegedly killed is still living and that there is skycam video footage showing that he was not at the location where the victim was hit.  (*Id.* at PageID 5–6.)  He alleges that there was no DNA or fingerprints in the car.  (*Id.* at PageID 8.)  He seeks pay for his incarceration and the dismissal of all charges.  (*Id.* at PageID 14.)[3]

## ANALYSIS

The Shelby County Criminal Justice System Portal shows that Petitioner filed a notice of appeal on January 16, 2025.  *See Shelby County Criminal Justice System Portal*, Shelby County, https://cjs.shelbycountytn.gov/CJS/Home/ (last accessed Dec. 18, 2025) (Case No. C2301154).  The appeal is still pending before the Tennessee Court of Criminal Appeals.  *See Appellate Case Search*, Tennessee Courts, https://pch.tncourts.gov/. (last accessed Dec. 18, 2025) (No. W2025-00074-CCA-R3-CD).

A federal court cannot decide a § 2254 petition until the petitioner exhausts the remedies available in state court.  *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518–519 (1982).  Petitioner must finish all state-court proceedings on his conviction before the Court may issue a

---

[2] According to the Tennessee Department of Corrections, Petitioner was convicted of first-degree murder, theft of $60,000 or more, and attempted theft of property of $2,000 to less than $10,000, and is serving an effective life sentence.  *Felony Offender Information*, Tennessee Department of Corrections, https://www.tn.gov/correction/agency-services/foil.html (last accessed Dec. 18, 2025).

[3] Monetary compensation is unavailable in a habeas proceeding.  If Lurry seeks monetary damages, he must file a civil complaint and pay the civil filing fee or seek leave to proceed in forma pauperis.

decision here because Petitioner may bring only one § 2254 petition challenging his conviction. Petitioner has not met his burden to show exhaustion and he still has available state court remedies.

A possible approach here is to issue a stay, in effect pausing this petition until Petitioner exhausts his state proceedings. But the Supreme Court has made clear that stay and abeyance are appropriate only in limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts [before filing his federal habeas petition], stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not shown good cause for a stay of the federal proceedings.

The § 2254 Petition is **DISMISSED WITHOUT PREJUDICE** as to Petitioner's right to petition anew after state-court proceedings have concluded. Judgment will be entered for Respondent.

## APPELLATE ISSUES

A petitioner has no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The Court has to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reveal the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a

"substantial showing" when he shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotations omitted); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed).

The petitioner also does not have to show that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Even so, courts should not issue a COA routinely. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Here, there can be no question that Petitioner's claims are premature and unexhausted. Because any appeal by Petitioner on the issues raised in this Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

And for the same reasons the Court denies a certificate of appealability here and that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith, and the Court **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 29th day of December, 2025.

                                 s/Thomas L. Parker
                                 THOMAS L. PARKER
                                 UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or move to proceed in forma pauperis with a supporting affidavit in the Sixth Circuit within 30 days of the entry of this order. *See* Fed. R. App. P. 24(a)(5).